DICKEN *v.* THE WESTERN UNION TELEGRAPH COMPANY. | 94 433 | 94 434 |

There being no court in this State on which jurisdiction to entertain suits for penalties is expressly conferred by the constitution or by statute, and, with the exception of equity cases, suits for divorce and cases involving titles to land, restricted jurisdiction in civil cases being generally with reference to the amount in controversy, and this restriction being applied expressly to justice's courts both in the constitution and the statutes, it follows that an act imposing a penalty of one hundred dollars upon telegraph companies for neglect of duty, and declaring that the same "may be recovered by suit in a justice or other court having jurisdiction thereof," should be construed as intending to confer jurisdiction upon any court whatsoever whose jurisdiction in any class of actions against telegraph companies would extend to suits for one hundred dollars. It is no argument against this construction and this interpretation of the legislative intent, that the attempt to invest justice's courts with jurisdiction was defeated by the constitutional provision which restricts the jurisdiction of these courts, in cases of tort, not only to one hundred dollars, but to injuries to personal property, thus excluding penalties for the non-performance of a public duty. The case of *Solomon* v. *Western Union Telegraph Company*, 92 *Ga.* 360, reviewed and affirmed.  *Judgment reversed.*

April 21, 1894.  Argued at the last term.

Action for penalty.  Before Judge JENKINS.  Morgan superior court.  March term, 1893.

The suit was brought to the county court, where the judge found for the defendant.  Plaintiff appealed to the superior court, where defendant filed a demurrer on the ground that the county court had no jurisdiction of the case, it being a suit to recover a penalty, and the jurisdiction of the county court being limited to suits on contracts and torts.  The demurrer was sustained.

W. R. MUSTIN, for plaintiff.

GUSTIN, GUERRY & HALL, for defendant.